# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL FORREST,

    Plaintiff,

v.

JOHN WETZEL, *et al.*,

    Defendants.

NO. 3:17-CV-1777

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me are a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 8) and a motion for appointment of counsel (Doc. 5) filed by Plaintiff Michael Forrest ("Plaintiff"). Although Plaintiff has accumulated three strikes, he is not barred from proceeding IFP here because his allegations regarding the denial of treatment for his Hepatitis C demonstrate an "imminent danger of serious physical injury." Accordingly, Plaintiff's request for IFP status will be granted. However, because Plaintiff has failed to demonstrate that appointment of counsel is warranted, that motion will be denied without prejudice.

### I. Background

In short, Plaintiff in the Amended Complaint alleges that Defendants, including Pennsylvania Department of Corrections employees and medical professionals, violated his constitutional rights under the Eighth Amendment. (*See* Doc. 9, *generally*). Among other claims, Plaintiff asserts violations of the Eighth Amendment for his extended solitary confinement and Defendants' refusal to treat his Hepatitis C. (*See id*., *generally*). Plaintiff seeks injunctive relief, compensatory damages, and punitive damages. (*See id*., *generally*).

### II. Discussion

**A.**    **IFP Status.**

Pursuant to 28 U.S.C. § 1915(a)(2), "[a] prisoner seeking to bring a civil action

or [to] appeal a judgment in a civil action" may proceed "without prepayment of fees or security therefor," if the prisoner can demonstrate that he or she is unable to pay the fees. *See also Ball v. Famiglio*, 726 F.3d 448, 451-52 (3d Cir. 2013), *abrogated on other grounds by Coleman v. Tollefson*, - - - U.S. - - -, 135 S. Ct. 1759, 1763, 191 L. Ed. 2d 803 (2015), *as recognized by Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager*, 870 F.3d 144, 150 n.9 (3d Cir. 2017) ("*Coleman* abrogates *Ball* only insofar as *Ball* addressed the issue of tabulating strikes while an appeal is pending. *Ball*'s other holdings remain undisturbed."). However, pursuant to 28 U.S.C. § 1915(g), a prisoner who has, on three or more occasions, either filed an action in a federal district court or filed an appeal that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted may not proceed *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury" at the time the complaint was filed. *See* 28 U.S.C. § 1915(g); *Ball*, 726 F.3d at 467.

"[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). "By using the term 'imminent,' Congress indicated that it wanted to . . . prevent impending harms, not those harms that had already occurred." *Id*. at 312-15. Practices that "may prove detrimental . . . over time" also do not represent imminent dangers as the harm is not "about to occur at any moment." *Ball*, 726 F.3d at 468 (quoting *Abdul-Akbar*, 239 F.3d at 315) (internal quotation marks omitted). Further, even if an alleged harm may in fact be "impending," it does not satisfy the exception if it does not threaten to cause "serious physical injury." 28 U.S.C. § 1915(g). Vague or conclusory allegations are insufficient to meet this standard. *See Ball*, 726 F.3d at 468.

Plaintiff has been denied IFP status before based on his accumulation of three strikes. *See Forrest v. Overmeyer*, No. 14-934, 2015 WL 3737968, at *2 (M.D. Pa. June 15, 2015). In that case, I took

> judicial notice of Mr. Forrest's proceedings before the United

2

> States Court of Appeals for the Third Circuit. *See In re Forrest*, 403 F. App'x 768 (3d Cir. 2010). The Third Circuit Court of Appeals determined that Mr. Forrest has filed three actions or appeals that were dismissed as frivolous, malicious, or the failure to state a claim upon which relief may be granted: (1) *Forrest v. Fulcomer*, C.A. No. 88-1036 (3d Cir. March 18, 1988); (2) *Forrest v. Vaughn*, 2:95-cv–05994-WD (E.D. Pa. October 11, 1995): and (3) *Forrest v. Meyers*, 3:01-cv-2065 (M.D. Pa. Dec. 14, 2001). *Id*. The circuit court advised Mr. Forrest of his "three-strike" status in 2004 when it denied his application to proceed *in forma pauperis* in an appeal in *Forrest v. Varner*, C.A. No. 03-2911 (3d Cir. August 30, 2004). *Id*. At this juncture it is clear that Mr. Forrest has attained three strikes and may not proceed *in forma pauperis* unless he can meet the imminent danger exception.

*Id*. Finding in that case that Plaintiff did not meet the imminent danger exception, his request to proceed IFP was denied. *See id*. at *3. Plaintiff appealed to the Third Circuit, but the appeal was dismissed for failure to pay the requisite filing fee. *See Forrest v. Overmyer*, No. 15-2613 (3d Cir. Dec. 8, 2015).

In the matter *sub judice*, though, Plaintiff sufficiently alleges that he is in imminent danger of serious physical injury. (*See* Doc. 9, *generally*). More particularly, Plaintiff alleges in the Amended Complaint that he has been diagnosed with Hepatitis C, that Defendants are aware of this diagnosis, and that he has made repeated complaints regarding his condition, but Defendants nonetheless continue to refuse to provide treatment. (*See id*. at ¶¶ 19, 22-23). Plaintiff further details the physical symptoms he suffers as a result of the lack of treatment, including fatigue, aching muscles, skin twitching, bumps on his skin, throbbing pain, and liver pain. (*See id*. at ¶ 24). Courts, including the Third Circuit in a nonprecedential opinion last year, have found allegations of refusal to treat an inmate's Hepatitis C adequate to meet the "imminent danger of serious physical injury" requirement in § 1915(g). *See Brown v. Wolf*, 705 F. App'x 63, 66-67 (3d Cir. 2017) (district court abused its discretion in denying IFP motion because the plaintiff's allegation that he was refused any medical treatment for Hepatitis C, if true, put him in imminent danger of serious physical injury); *see also Mitchell v. Nobles*, 873 F.3d 869, 874 (11th Cir. 2017)

3

(complete lack of treatment for Hepatitis C meets the showing for imminent danger under § 915(g)); *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 587 (6th Cir. 2013); *Ibrahim v. District of Columbia*, 463 F.3d 3, 6-7 (D.C. Cir. 2006) (holding that a serious disease, like Hepatitis C, that could result in serious harm or death, is a "serious physical injury"); *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (describing the failure to treat HIV and hepatitis as causing imminent danger of serious physical injury); *Davis v. Wetzel*, No. 18-804, 2018 WL 2978025, at *6 (M.D. Pa. June 13, 2018). Plaintiff's request to proceed IFP will be granted.

## B. Appointment of Counsel.

Plaintiff also seeks appointment of counsel. That motion will be denied without prejudice. A plaintiff in a civil case has no constitutional or statutory right to counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). The Court does not have the authority to compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an indigent person is governed by 28 U.S.C. § 1915(e)(1), which provides that the court "may request an attorney to represent any person unable to afford counsel," but the court cannot order the attorney to do so. The Third Circuit Court of Appeals has cautioned that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted . . . ." *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) to decide to seek counsel for a litigant, *Montgomery*, 294 F.3d at 498, and the decision can be made at any point in the litigation. *Id*. at 503–04. As a threshold matter, the Court must assess whether the claimant's case has some arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the plaintiff overcomes this initial hurdle, the Court may then consider the following non-exhaustive list of factors when appointing *pro bono* counsel: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigations will be necessary

and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Id*. at 155-157 & n. 5.

Plaintiff has not made a threshold showing for the appointment of counsel in this civil case. Plaintiff asserts that he needs counsel appointed because, *inter alia*, (1) he is an indigent prisoner, (2) the issues in this case are complex, and (3) his efforts to obtain counsel have been unsuccessful. However, Plaintiff must first demonstrate that his claim has some merit in fact and law. At this stage of the proceedings, and noting that service has yet to be effectuated on Defendants, it is not clear that Plaintiff is able to do so. Nor do the above referenced factors support the appointment of counsel. Thus, counsel will not be appointed at this time. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion. Until then, I will deny Plaintiff's motion to appoint counsel.

### III. Conclusion

For the above stated reasons, Plaintiff will be permitted to proceed IFP, but his motion to appoint counsel will be denied without prejudice.

An appropriate order follows.

October 23, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge