**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL FORREST,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO. 3:17-CV-1777** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **JOHN WETZEL,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

Presently before the Court are the following motions filed by Mr. Forrest: two motions for reconsideration of my October 23, 2018-Order denying his motion for counsel (ECF Nos. 53 and 54); and two motions for leave to file a supplemental complaint (ECF Nos. 59 and 60). The Court will address, and deny, all of Mr. Forrest's motions. Additionally, the Court will *sua sponte* dismiss his claims against SCI-Mahanoy pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.  Relevant Background**

Michael Forrest filed *pro se* complaint challenging his continued and prolonged placement in SCI-Mahanoy's Restricted Housing Unit, and improper medical treatment of his Hepatitis C and other physical disabilities. (ECF No. 9, Am. Compl., *generally.*) Named as Defendants are the following Department of Corrections (DOC) employees who work at SCI-Mahanoy: Superintendent Theresa DelBalso; Deputy Superintendent

of Centralized Services B. Mason; and Unit Manager Richard Roller.[1]  Mr. Forrest also names Secretary Wetzel, Dr. Oppman,[2] and SCI-Mahanoy as Defendants.  Plaintiff also named the institution's contract medical provider Correct Care Solutions, it's Chief Clinical Officer, Carl J. Keldie, M.D., and Dr. Shaista Khanum as Defendants.[3]

At all times relevant to his incarceration at SCI-Mahanoy, Mr. Forrest was housed in "solitary confinement" in the RHU.  He is a paraplegic who suffers from herniated lumbar discs, a cracked skull, epilepsy, and Hepatitis C.  (ECF No. 9 at ¶ 14.)  On February 3, 2017, he was placed in Administrative Custody (AC) status.  In June 2017, Plaintiff's status was reviewed, and continued, by Defendant Mason and other members of the Program Review Committee.  (*Id.* at 14.)  Mr. Forrest challenges the Defendants' decision to continue his RHU placement.  (*Id.* at ¶ 13.)

Mr. Forrest notes that following a 2009 assault by DOC staff at SCI-Rockview, he obtained a judgment against the involved defendants which included mandates concerning his proper housing and medical care while incarcerated, *Forrest v. Horn*, 2:97-cv-4442 (E.D. Pa. June 26, 2000).  He claims the Defendants in this action ignored those directives.  (ECF No. 9 at ¶ ¶ 14 – 17.)  Additionally, he claims Defendants changed his previously prescribed medication for his neurological condition, refused him Hepatitis C treatment, and only provided him "psych meds" and coloring books as treatment.  (*Id.* at ¶¶ 18 - 25.)

---

[1] Mr. Forrest misspelled this Defendant's surname as "Holle".

[2] Mr. Forrest misspelled this Defendant's surname as "Cappman".

[3] Defense counsel for the contract medical care provider and its employees, has identified "Dr. K" as Dr. Shaista Khanum, a physician who previously worked at SCI-Mahanoy. The Clerk of Court will be directed to substitute Dr. Khanum's name in the docket in place of "Dr. K".

On October 23, 2018, the Court granted Mr. Forrest's request to proceed *in forma pauperis*, denied his request for counsel and directed service of the Amended Complaint on the Defendants. (ECF No. 16.) On September 20, 2018, Plaintiff was transferred from SCI-Mahanoy to SCI-Coal Township. (ECF No. 59 at ¶ 6.)

On February 25, 2019, and then again on March 4, 2019, Mr. Forrest filed motions for leave to file a Supplemental Complaint. (ECF No. 59 and 60.) These motions are based on subsequent retaliation Plaintiff allegedly suffered at the hands of non-defendants since filing this action. Mr. Forrest did not file a supporting brief or a proposed amended complaint in connection with either motion.

## II.    Discussion

### A.    Motions for Reconsideration

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the movant establishes: (1) there has been an intervening change in controlling law; (2) new evidence has become available since the court decided the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Schumann v. Astrazeneca Pharm., L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration may not be used to relitigate issues or present arguments that could have been raised earlier but were not. *Blystone v. Horn*, 664 F.3d 397, 416 (3d Cir.

2011) (citing *Howard Hess Dental Lab., Inc. v. Dentasply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)).

Mr. Forrest filed two motions (ECF Nos. 53 and 54) seeking reconsideration of the Court's October 23, 2018 decision denying his motion for appointment (ECF No. 16).  In his earlier motion, Plaintiff sought the appointment of counsel due to his indigent status, the complexity of the issues involved and because of his own unsuccessful attempts to obtain counsel.  As Defendants had not yet filed a response to the Amended Complaint the Court was unable to determine if Plaintiff's claim had some merit in fact and law.  (ECF No. 15 at 4 – 5.)  Upon reviewing Mr. Forrest's present motion, it is clear he does not seek reconsideration of the Court's denial of his earlier motion but presents a new motion for appointment of counsel.  (*See* ECF Nos. 53 and 54.)  He does not argue that reconsideration is needed due to an intervening change in the controlling law, the availability of new evidence, or the need to correct a clear error of law or fact.  Rather, he simply requests appointment of counsel based on his previous receipt of court appointed counsel in the previously cited Eastern District case.  In support of his argument as to the complexities involved in addressing his medical care, he alleges that "Judge Caputo presiding in the Western District [of] PA, ordered PA Board Probation and Parole to release plaintiff to seek medical care and treatment he is not getting in the PA Department of Corrections, and he was released to become an out patient at Albert Einstein Medical Center, Philadelphia."  (ECF No. 53 at 2.)  He also claims that he has "no access to law library nor jailhouse lawyer assistance."  (*Id.*)  While Plaintiff argues that he is unable to represent himself in this matter, as previously discussed in this

Court's October 23, 2018 Memorandum (ECF No. 15), after analyzing the *Tabron* factors, appointment of counsel is not warranted at this time.

The Court is familiar with Mr. Forrest.[4]  The Court also takes note of his many other filings in the United States Eastern and Western Districts of Pennsylvania.  Mr. Forrest is articulate and able to communicate effectively, and often, with the Court.  His motions are complete with relevant legal citation.  He is capable of reading and writing without assistance, communicating his thoughts to the court, and can respond to documents filed in this action.  *See Seawright v. Kyler*, Civ. No, 02-1815, 2006 WL 709118, at *6 (M.D. Pa. March 13, 2006).  He does not suggest that he cannot initiate discovery in this matter from his SCI-Coal Township cell like other incarcerated *pro se* litigants.  In the event Mr. Forrest encounter discovery or other difficulties during this litigation, he may renew his motion for counsel citing the specific issues that prohibit the advancement of his claims.  To the extent Plaintiff claims SCI-Coal Township officials have interfered with his access to the courts by destroying his legal papers related to his criminal charges and other actions, he must pursue those issues in a separate matter.  Consequently, the Court will deny Mr.  Forrest's motions for reconsideration (ECF Nos. 53 and 54.)  To the extent Plaintiff's motions are construed as new requests for appointment of counsel, they are denied.

---

[4] Mr. Forrest previously filed the following actions before the Court:  *Forrest v. Sauers*, 3:13-cv-0067 (M.D. Pa. March 24, 2015) (dismissing 28 U.S.C. § 2254 habeas petition as untimely); and *Forrest v. Goss*, No. 3:10-cv-1505 (M.D. Pa. Jan. 20, 2011) (dismissed failure to pay filing fee); *Forrest v. Overmeyer*, 3:14-cv-9034 (M.D. Pa. July 13, 2015) (dismissed failure to pay filling fee).  The Court, however, has never presided over any case in the Western District of Pennsylvania concerning Mr. Forrest.  Likewise, the Court has never directed his release from custody for any reason.

**B.    Motions for Leave to file a Supplemental Complaint**

The filing of an amended complaint is governed by Fed. R. Civ. P. 15(a):

> (1)  Amending as a Matter of Course.  A party may
> amend its pleading once as a matter of course within:
>
> (A)  21 days after serving it, or
>
> (B)  if the pleading is one to which a responsive
> pleading is required, 21 days after service of a
> responsive pleading or 21 days after service of a
> motion under Rule 12(b), (e), or (f), whichever is
> earlier.
>
> (2) Other Amendments.  In all other cases, a party
> may amend its pleading only with the opposing party's
> written consent or the court's leave.  The court should
> freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  Here, Mr. Forrest filed a Complaint (ECF No. 1) and an Amended

Complaint (ECF No. 9).  The events of the Amended Complaint concern his prolonged

RHU status as well as his medical care.  In February 2019, Plaintiff filed two motions to

file a supplemental complaint to add new claims and defendants.  However, he did not

file a draft second amended complaint in support of his motions.  On that basis alone,

the motions will be denied.  *See* Pa. M.D. Local Rule 15.1, *Amended Pleadings* (the

proposed amended pleading shall be filed with the motion requesting leave to file an

amended pleading).  Mr. Forrest will not be permitted to join unrelated claims or parties

to this action.  *See* Fed. R. Civ. P. 20.  If he wishes to challenge events that transpired

following his transfer from SCI-Mahanoy to SCI-Coal Township, he would be required to

file a separate action, not an amendment to his present lawsuit.

**C.    SCI-Mahanoy is not a Proper Defendant in a § 1983 action**

To state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.   *See* 42 U.S.C. § 1983; *Rehberg v. Paulk*, 566 U.S. 356, 361, 132 S.Ct. 1497, 1501, 182 L.Ed.2d 593 (2012); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 302 (3d Cir. 2016).   Only "persons" are subject to suit under § 1983, and entities such as state prisons do not qualify as "persons".  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989); *Edwards v. Northampton Cnty.*, 663 F. App'x 132, 136 (3d Cir. 2016) (prison not a "person" subject to suit under § 1983).   Additionally, SCI-Mahanoy is entitled to Eleventh Amendment immunity.  *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (finding the Department of Corrections "shares in the Commonwealth's Eleventh Amendment immunity").

Pursuant to the above standards, and the Court's authority under 28 U.S.C. § 1915(e)(2)(B), Mr. Forrest's Amended Complaint thus fails to state a claim upon which relief can be granted against SCI-Mahanoy.

An appropriate order follows.


**Date:  June 3, 2019**                            /s/ A. Richard Caputo
                                         **A. RICHARD CAPUTO**
                                         **United States District Judge**