# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL FORREST, | : | Civil No. 3:17-CV-1777 |
| Plaintiff, | : | |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court are multiple motions filed by Forrest seeking to supplement his amended complaint and address various discovery issues. Also pending before the court are the Commonwealth Defendants[1] and the Medical Defendants[2] separate motions for summary judgment and related procedural motions.

For the reasons set forth below, the court will deny Forrest's discovery-related motions, but grant him limited leave to supplement his amended complaint to add a retaliatory transfer claim against the named Defendants. Additionally, Forrest will be granted leave to file a properly supported motion to compel as to

---

[1] The Commonwealth Defendants are employed by the Pennsylvania Department of Corrections (DOC): Secretary Wetzel; Bureau of Health Care Services Director Christopher Cappman; SCI-Mahanoy Superintendent Theresa Delbalso; B. Mason; and Richard Holle.

[2] The Medical Defendants are Correct Care Solutions (CCS) and Dr. Carl J. Keldie.

any pending discovery requests that remain in dispute.  Consequently, the Defendants' motions for summary judgment will be dismissed without prejudice.  The court will establish a new discovery deadline (limited to the retaliatory transfer claim) and dispositive motions deadline once Forrest files a timely and properly supported supplemental complaint and motion to compel, or the deadline for such filing has expired.

## BACKGROUND AND PROCEDURAL HISTORY

Michael Forrest, a self-represented incarcerated litigant, filed this action in September 2017, while housed at SCI-Mahanoy.  (Doc. 1.)  The case now proceeds on his amended complaint, filed in November 2017.  (Doc. 9.)  The following factual background is derived from Forrest's amended complaint.  Forrest asserts that his prolonged disciplinary and administrative custody in SCI-Mahanoy's Restricted Housing Unit (RHU) violated his Eighth Amendment rights.  (Doc. 9 at 4.)  On February 3, 2017, Forrest's status changed from disciplinary custody (DC) to administrative custody (AC), but Forrest alleges that the harsh conditions of RHU confinement remained the same.  (*Id*. at ¶ 17.)

Forrest also sets forth an Eighth Amendment medical claim.  He is a paraplegic who also suffers from epilepsy and Hepatitis C.  (*Id*. at ¶¶ 14 – 15.)  Following a trial in *Forrest v. Horn*, No. 2:97-cv-4442 (E.D. Pa.), Forrest won a monetary judgment against several DOC employees who are not parties in this

case. He claims that the judgment also included a mandate that he receive specified health care, including a program prescribed and designed by a physician at the Albert Einstein Medical Center in Philadelphia, Pennsylvania. (*Id*. at ¶ 14.) Forrest avers that his attorney provided a copy of "the court judgment" to prison medical staff at his various institutions (SCI-Rockview, SCI-Forest, SCI-Waymart) but his medical providers ignored the order. Forrest arrived at SCI-Mahanoy on September 15, 2015. He alleges that DOC staff placed him in the RHU, and medical staff ignored his court mandated care. (*Id*. at ¶ 16.)

While at SCI-Mahanoy, Forrest contends that medical staff "refused to change [his] generic seizure meds back to Einstein's original orders" and refused him treatment for his Hepatitis C or his psychological issues caused by his long-term solitary confinement. (*Id*. at ¶ 18.) While at SCI-Mahanoy, psychologists and other medical professionals saw Forrest at sick call and chronic care clinics, but his requests for Hepatitis C treatment and "all of his disability treatment needs [were] ignored". (*Id*. at ¶ 18 and ¶ 22.) The Defendants "refuse[d] to comply with Einstein and federal court order(s) for severe disability treatment" and his Hepatitis C." (*Id*. at ¶ 19.)

Aside from seeking his permanent release from the RHU, Forrest desires permanent injunctive relief in the form of "reinstate[ment of his] federal court judgment records" requiring the provision of customized braces, "special pain

medications, non-generic grand mal seizure medication, aqua and physical therapy pending spinal surgery and treatment for a cracked skull and brain damage at Albert Einstein," all consistent with his "court mandate". (*Id*. at ¶ 37.) He also seeks immediate treatment for his Hepatitis C plus compensatory and punitive damages. (*Id*. at ¶¶ 38 – 39.)

On September 20, 2018, DOC officials transferred Forrest from SCI-Mahanoy to SCI-Coal Township. (Doc. 18.) The Commonwealth and Medical Defendants answered the Amended Complaint on March 25, 2019. (Docs. 64 and 67.) In May 2019, the court issued a scheduling order calling for the close of discovery on November 15, 2019 and the filing of dispositive motions by December 16, 2019. (Doc. 71.)

On December 10, 2019, Defendants filed a joint motion for extension of time to file dispositive motions. (Doc. 202.) Both sets of Defendants filed timely and properly supported motions for summary judgment. (Docs. 206 and 210.) Forrest has filed multiple "motions" opposing Defendants' motions due to outstanding discovery issues. He also seeks leave to file a supplement to his amended complaint. (Docs. 214 – 220 and 222 – 223 and 227 – 234.) In the interim, Forrest filed an interlocutory appeal with the United States Court of

Appeals for the Third Circuit. His motions before the Third Circuit were erroneously docketed as motions in this court.[3]

## DISCUSSION

### A.   Motions to Amend/Supplement

Since Forrest filed an amended complaint (Doc. 9) in November 2017, and the Defendants have filed an answer (Docs. 64 and 67), Plaintiff may only amend his pleading by Defendants' consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave when justice so requires." However, leave to amend may be denied when there is "undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

Rule 15(d) of the Federal Rules of Civil Procedure governs supplemental complaints and provides in part that "[o]n motion and reasonable notice, the court may, on just terms permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event *that happened after the date of the pleading to be*

---

[3] The Court will summarily dismiss Forrest's motions directed to the United States Court of Appeals for the Third Circuit. *See* Docs. 101 and 103. On October 16, 2019, the Third Circuit Court of Appeals noting Forrest's three strikes under 28 U.S.C. § 1915(g), denied his request for *in forma pauperis* standing on appeal noting that his interlocutory appeal claims were insufficient to meet the imminent-danger standard and directed him to pay the filing fee if he wished to proceed. *See Forrest v. Sec'y Pennsylvania Dep't of Corr.*, C.A. No. 19-2612 (3d Cir., October 16, 2019). The Court of Appeals terminated his appeal on October 31, 2019, after he failed to pay the filing fee. (Doc. 169.)

*supplemented*." (emphasis added). The claims Forrest seeks to add to his amended complaint fall within the category that may warrant a supplemental pleading. *See* Docs. 192, 194 and 222.

Federal Rule of Civil Procedure 18(a) governs the joinder of claims. Rule 18(a) provides: "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Rule 20 of the Federal Rules of Civil Procedure, however, limits the joinder of defendants. Rule 20(a)(2) provides:

> *Defendants*. Persons ... may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A) and (B). Courts have broad discretion in applying Rule 20 to reduce inconvenience, delay, and added expense to the parties and to the court, and to promote judicial economy. Nevertheless, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit or circumvent filing fees requirements.[4] *See, e.g., Sanders v. Rose*, 576

---

[4] The "three strikes" rule of the Prison Litigation Reform Act (PLRA) provides that an inmate who has three prior actions or appeals dismissed as frivolous, malicious, or for failing to

F. App'x 91, 94 (3d Cir. 2014); *see also George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

Additionally, the Prisoner Litigation Reform Act (PLRA) "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *See Ross v. Blake*, ___ U.S. ___, 136 S.Ct. 1850, 1856, 195 L.Ed.2d 117 (2016); 42 U.S.C. § 1997(e). "Exhaustion is considered separately for each claim brought by an inmate, and if a complaint includes both exhausted and unexhausted claims, courts will dismiss the latter but not the former." *Shifflett v. Korszniak*, 934 F.3d 356, 364 (3d Cir. 2019) (citing *Jones v. Bock*, 549 U.S. 81, 219 - 20, 127 S.Ct. 910, 923 - 24, 166 L.Ed.2d 798 (2007)). A claim exhausted after the commencement of an action is subject to dismissal without prejudice. *See Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) ("[A] prisoner must exhaust all available administrative remedies prior to filing suit".)

Below is a summary of the issues Forrest is seeking to include in his amended complaint. He asserts these claims are based on "newly discovered evidence." (Docs. 189, 192, 194 and 222.) Now that Forrest is at SCI-Coal

---

state a viable claim may not proceed in a civil action in forma pauperis "unless the prisoner is in imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Forrest accumulated "three strikes" prior to the initiation of this action. Consequently, he must either pay the filing fee associated with any new action or satisfy the "imminent danger of serious harm" requirement.

7

Township, where he received treatment for his Hepatitis C, he seeks to add an Eighth Amendment medical claim against staff at that facility which mirrors his claims against the SCI-Mahanoy Defendants. He also challenges his current care givers' decisions to change his "original epilepsy medication … [decision to stop his] neuropathic pain medication … and replace [his] epilepsy medication with [Keppra], that failed to stop grand mal seizures" and left him to suffer in pain while housed in solitary confinement. (Doc. 194-2 at ¶ 20.) Also, on October 15, 2019, after Dr. Kioni (a non-defendant from Temple University), via a tele-med conference, advised Forrest that the "Hepatitis C medication failed to cure irreparable damages to his liver", a non-defendant SCI-Coal Township corrections officer interfered with his medical care when he prematurely terminated the visit. (*Id.* at ¶ 27.) He also claims SCI-Coal Township medical staff will not provide him with a copy of his medical records obtained from the Albert Einstein facility. (*Id*. at ¶ 29.)

     Additionally, Forrest seeks to add an excessive force claim related to a July 2018 event that occurred at SCI-Mahanoy. He claims a non-defendant (Corrections Officer Seiber) doused him with oleoresin capsicum (OC) spray causing him to suffer a seizure. Staff allegedly refused to provide him medical treatment after the incident. (*Id*.at ¶¶ 31 – 32.) Finally, he seeks to add a multifaceted retaliation claim concerning the loss of his legal property against staff

at both SCI-Mahanoy and SCI-Coal Township.  (*Id*. at ¶¶ 35 – 38.)  The first incident occurred in April 2018 when a non-defendant allegedly "trash[ed] [his] legal files and property".  (*Id*. at ¶ 34.)  Second, Forrest asserts that in September 2018, prison officials transferred him to SCI-Coal Township in retaliation for filing this lawsuit.  (*Id*. at ¶ 35.)  Third, Forrest accuses both SCI-Mahanoy and SCI-Coal Township officials for losing his property during his transfer to SCI-Coal Township.  (*Id*.)

After a careful review of Forrest's proposed amendments, the court concludes that the addition of any SCI-Coal Township defendants, or an excessive use of force claim against the non-defendant SCI-Mahanoy officer, would violate Fed. R. Civ. P. 20.  Forrest has failed to demonstrate that any of these claims arose out of the same transaction, occurrence, or series of transactions or occurrences, of any question of law or fact common to all the existing Defendants.

The current nature of this case addresses Forrest's SCI-Mahanoy RHU conditions of confinement and treatment for his chronic Hepatitis C, epilepsy, and neurological pain.  He also claims his RHU placement was in retaliation for his filing of past lawsuits against DOC staff.  (Doc. 9.)  The events of Forrest's proposed amendments occurred following his filing of this action.  Forrest has not established that he exhausted his administrative remedies with respect to these claims prior to filing his present action.

Additionally, the proposed claims against the SCI-Coal Township correctional and medical staff are not logically related to the events giving rise to his claims against the current Defendants. While similar in nature, the proposed claims and defendants are distinct. With respect to his medical care, Forrest's current complaint questions why he did not receive earlier treatment for his Hepatitis C and the pain and suffering he incurred because of the denied care. His proposed medical claims against SCI-Coal Township address treatment decisions made by non-defendants in their attempts to cure his Hepatitis C with Zepatier, an allegedly experimental drug.

Forrest also questions their modification of his epilepsy and pain medications. While these claims also fall within the Eighth Amendment, they are distinct to his treatment at SCI-Coal Township, and are not related to treatment decisions made by the SCI-Mahanoy Medical Defendants based on his health while housed at that facility. Rule 20 refers to the same transaction or occurrence, not similar transactions or occurrences. To allow the joinder of these claims, and SCI-Coal Township employees and medical staff, would violate Fed. R. Civ. P. 20.

In sum, SCI-Coal Township medical staff, not the current Defendants, determined Forrest's Hepatitis C treatment, including the alteration of seizure and neuropathy medication. Forrest's allegations concerning his medical care at SCI-Mahanoy lack any logical nexus between the current Defendants' conduct and the

proposed SCI-Coal Township medical providers. As such, the preconditions for permissive joinder set forth in Rule 20 are not satisfied.

As for Forrest's proposed Eighth Amendment excessive use of force claim related to the July 2018 OC spray incident at SCI-Mahanoy, it is an isolated incident that occurred after his filing of this action that does not involve the other Defendants. The fact that this event occurred at SCI-Mahanoy is insufficient to permit joinder. The proposed claim and defendants would be new to this action.

Likewise, there is no property claim asserted in the present action. While Forrest's proposed denial of property claims are based on retaliation, he does not assert the personal involvement of any of the named Defendants in the events. Forrest's proposed loss of property against new defendants cannot be joined to this action simply because he they are cloaked as a claim of retaliation. His alleged loss of property claims do not arise from the same transaction or occurrence as his retaliation claims against the Defendants for his prolonged placement in SCI-Mahanoy's RHU.

However, to the extent Forrest seeks to supplement his amended complaint to add a claim that the named Commonwealth Defendants transferred him to SCI-Coal Township in retaliation for this action, the court will grant this limited supplement to his current claims. Forrest may file a supplemental complaint setting forth facts demonstrating the personal involvement of each of the named

existing Defendants involved in the retaliatory transfer. Forrest may not name any new Defendant or add any additional claims when setting forth his retaliatory transfer claim.

Denial of Forrest's motions to supplement his amended complaint to include all but his retaliatory transfer claim will not prejudice Forrest, as he may pursue the excluded claims in a separate action. Additionally, dismissing all but the retaliatory transfer claim and requiring him to initiate a new action fulfills the purpose of the PLRA. As previously noted, Forrest has accrued three strikes under 28 U.S.C. § 1915(g). Allowing him to join these unrelated claims and parties would permit Forrest to circumvent the provisions of the PLRA. Therefore, the court will deny Forrest's motions to supplement (Docs. 164, 189, 192, 194 and 222) without prejudice to him presenting those claims in a new lawsuit.

**B.     Motions to Compel and Motions for Sanctions for Discovery Abuses**

Forrest did not file a brief in support of any of his motions to compel, or motions for sanctions, as required by Pa. M.D. Local Rule 7.5. *See* Docs. 129, 143, 150, 154, 158, 159, 177, 178 and 180. Therefore, the court will deem the motions withdrawn. Yet, because Forrest claims that both the Commonwealth and Medical Defendants have failed to respond to various discovery requests, this raises a concern as Forrest is self-represented. However, he did not provide the

court with copies of the discovery matters in dispute as mandated by Pa. M.D. Local Rule 5.4 or provide the copies of the Defendants' allegedly unsatisfactory discovery responses.  Without this information, the court cannot begin to address Forrest's discovery concerns.  Based on Forrest's failure to properly support his motions to compel and motions for sanctions, they will be denied.

Nonetheless, because Forrest is self-represented, the court will grant him a limited opportunity to file a properly supported and consolidated motion to compel as to each of Defendants' alleged failures to respond to properly served discovery requests.  Forrest must file a brief in support of his motion to compel, if one is filed.  He must specify each discovery request that is in dispute and why he contends that the Defendant's response is inadequate.  Forrest may not generalize, but must define why the Defendant's response is inadequate.  An improperly supported motion to compel will be denied.

### C.     Motions for a Protective Order

Forrest has filed two motions for a protective order.  (Docs. 182 and 184.) Again, he did not brief in support of either motion as required by Pa. M.D. Local Rule 7.5, and thus the court will deem these motions withdrawn.  Notwithstanding this determination, the court notes that both motions are related to his allegations that the Defendants' failure to "supplement their responses to plaintiff's disclosure of expert witness Dr. Roger E. Farber's precedent transcript, Dr. George C.

Newman's medical release, and Defendants' alleged acquiescence to the "falsification and omissions of medical identification and grievance response to documents by their subordinate medical practioners' (sic) Scully, Davis, Moclock, Gunfer and Rottman, [demonstrate] further discovery abuses" as well as his receipt of inadequate health care at SCI-Coal Township. (Doc. 184 at 1–2.) As evidence in support of his allegations, he cites to various grievances concerning his health care at SCI-Coal Township. For the reasons discussed earlier in this memorandum, the events arising at SCI-Coal Township relative to his ongoing health care are not subject to this lawsuit. To the extent he faults Defendants from agreeing or disagreeing with his proposed submission of Dr. Farber's transcript or expert report from his earlier case, *Forrest v. Horn*, No. 2:97-cv-4442 (E.D. Pa.), that issue will be decided, if necessary, prior to trial. Finally, Forrest is not clear as to what relief he seeks from the court. Accordingly, his motions for a protective order will be denied.

    **D.**    **Motions to Depose Dr. Kioni**

Forrest has filed two motions to depose Dr. Kioni from Temple University. (Docs. 198 and 201.) Dr. Kioni is a third party who purportedly participated in designing Forrest's Hepatitis C treatment. Forrest asserts that Dr. Kioni will testify as to the pervasive and permanent damage to his liver resulting from Defendants' failure to treat his Hepatitis C condition earlier.

Forrest believes he must obtain leave of court, pursuant to Fed. R. Civ. P. 30(a)(c)(3), to depose Dr. Kioni. He is mistaken. Forrest may depose any non-incarcerated individual without leave of court. *See* Fed. R. Civ. P. 30(a)(2). Thus, the court will deny Forrest's motions for leave to depose Dr. Kioni via written questions because leave of the court is not required.

### E. Motion for Emergency Parole

Forrest seeks his immediate release due to ongoing medical neglect by SCI-Coal Township officials and because he is "unlawfully in prison." (Doc. 203 at 2.) Release from detention is not available relief in a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Thus, this action, even if successful, would not entitle Forrest to release. Accordingly, his motion for emergency parole will be denied without prejudice to Forrest filing a separate habeas corpus action.

### CONCLUSION

For the foregoing reasons, Forrest's motions to compel and motions for sanctions will be denied. Forrest will be granted leave to file a properly supported, consolidated motion to compel with respect to Defendants' failure to address any properly served discovery requests. Likewise, Forrest will be permitted to file a

supplemental complaint limited to his retaliatory transfer claim against the existing Defendants.  In light of these rulings, the court will dismiss the Defendants' motions for summary judgment without prejudice.  Upon the filing of Forrest's limited supplemental complaint and the resolution of any motions to compel, the court will issue a new scheduling order in this matter.

s/ Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated:  May 21, 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL FORREST, | : | Civil No. 3:17-CV-1777 |
| Plaintiff, | : | |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## ORDER

**AND NOW**, this 21st day of May, 2020, for the reasons set forth in the accompanying memorandum, **IT IS ORDERED THAT:**

1. Plaintiff's motions requesting relief from the United States Court of Appeals for the Third Circuit (Docs. 101, 103, 104 and 170) are **DENIED** as moot.

2. Plaintiff's motions to amend or supplement his Amended Complaint (Docs. 164, 192, 194 and 222) are **DENIED IN PART AND GRANTED IN PART**.

3. Plaintiff is **GRANTED** thirty (30) days to file a supplemental complaint limited to his retaliatory transfer claim against the Defendants.

4. Plaintiff's motions to compel discovery and/or sanctions (Docs. 129, 143, 150, 154, 158, 159, 177, 178 and 180) are deemed **WITHDRAWN**. *See* Pa. M.D. Local Rule 7.5

5. Plaintiff's motions for a protective order (Docs. 182 and 184) are deemed **WITHDRAWN**. *See* Pa. M.D. Local Rule 7.5.

6. Plaintiff's motions to depose Dr. Kioni (Docs. 198 and 201) pursuant to Fed. R. Civ. P. 30 are **DENIED**.

7. Plaintiff's motion for emergency parole (Doc. 203) is **DENIED** without prejudice.

8. Plaintiff's motion for extension of time to complete discovery (Doc. 166) is **DENIED** without prejudice.

9. Defendants' joint motion for extension of time to file motions for summary judgment (Doc. 202) is **DISMISSED** as moot.

10. The Commonwealth Defendants' motion for summary judgment (Doc. 206) is **DISMISSED** without prejudice.

11. The Medical Defendants' motion for summary judgment (Doc. 210) is **DISMISSED** without prejudice.

12. Plaintiff's motions to exceed page limitation (Docs. 212 and 229) are **DISMISSED** as moot.

13. Within sixty (60) days of this Order, Plaintiff may file a properly supported motion to compel discovery as to any existing discovery disputes. Upon resolution of any such motion, the court will set new discovery and dispositive motions deadlines.

14. If Plaintiff fails to file a timely and properly supported motion to compel, the Court will set new discovery (limited to Plaintiff's retaliatory transfer claim) and dispositive motions deadlines.

s/ Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania