IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL FORREST, | : | Civil No. 3:17-CV-1777 |
| Plaintiff, | : | |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court are Plaintiff's motions for appointment of counsel due to his need for assistance in discovery matters as well as the need to obtain a medical expert to assist him in responding to Defendants' summary judgment materials, and possible trial. (Docs. 90, 96, 112, 186 and 189.) As Plaintiff is challenging, in part, the adequacy of his Hepatitis C treatment, the court finds that it is likely that medical expert testimony will be necessary for him to advance his case. Accordingly, for the reasons that follow, the Court will conditionally grant Plaintiff's requests for counsel.

## RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Michael Forrest, proceeding self-represented, filed this action in September 2017, while housed at SCI-Mahanoy.[1] (Doc. 1.) He filed an amended complaint in

---

[1] Forrest is presently housed at SCI-Coal Township. (Doc. 18.)

November 2017.  (Doc. 9.)  In his amended complaint, Forrest argues that his prolonged administrative and disciplinary custody in SCI-Mahanoy's Restricted Housing Unit (RHU) violated his Eighth Amendment rights.  (Doc. 9 at 4.)  On February 3, 2017, Forrest's status changed from disciplinary custody (DC) to administrative custody (AC), but he contends that his harsh RHU conditions of confinement remained the same.  (*Id*. at ¶ 17.)  Forrest asserts that SCI-Mahanoy staff continued to issue him misconducts for refusing to enter general population.  (*Id*. at ¶ 21.)

Forrest also asserts an Eighth Amendment medical claim.  He claims that he is a paraplegic who suffers from epilepsy and Hepatitis C.  (*Id*. at ¶¶ 14 – 15.)  Following a trial in *Forrest v. Horn*, No. 2:97-cv-4442 (E.D. Pa.), Forrest won a monetary judgment against several DOC employees who are not parties to this lawsuit.  According to Forrest, the judgment included an order mandating that he receive a specific health care program prescribed and designed by a physician at the Albert Einstein Medical Center in Philadelphia, Pennsylvania.  (*Id*. at ¶ 14.)  According to Forrest, his attorney provided a copy of "the court judgment" to prison medical staff at his various institutions (SCI-Rockview, SCI-Forest, SCI-Waymart), but his medical providers ignored the order.  When Forrest arrived at SCI-Mahanoy on September 15, 2015, he avers that DOC staff placed him in the RHU, and medical staff ignored his supposedly court-mandated care.  (*Id*. at ¶ 16.)

While he was at SCI-Mahanoy, Forrest contends medical staff "refused to change generic seizure meds back to Einstein's original orders" and refused to treat his Hepatitis C or address his psychological issues caused by his long-term solitary confinement.  (*Id.* at ¶ 18.)  While at SCI-Mahanoy, psychologists and other medical professionals saw Forrest at sick call and chronic care clinics, but his requests for Hepatitis C treatment and "all of his disability treatment needs [were] ignored".  (*Id.* at ¶ 18 and ¶ 22.)  According to Forrest, the Defendants "refuse[d] to comply with Einstein and federal court order(s) for severe disability treatment" and his Hepatitis C."  (*Id.* at ¶ 19.)

Aside from seeking his permanent release from the RHU, Forrest desires permanent injunctive relief in the form of "reinstate[ment of his] federal court judgment records" requiring the provision of customized braces, "special pain medications, non-generic grand mal seizure medication, aqua and physical therapy pending spinal surgery and treatment for a cracked skull and brain damage at Albert Einstein – consistent with precedent court judgment." (*Id.* at ¶ 37.)  He also seeks immediate treatment for his Hepatitis C, as well as compensatory and punitive damages.  (*Id.* at ¶¶ 38 - 39.)

The Commonwealth and Medical Defendants answered the Amended Complaint on March 25, 2019. (Docs. 64 and 67.)  In May 2019, the court issued a

scheduling order setting a deadline for the close of discovery on November 15, 2019, and the filing of dispositive motions on December 16, 2019.  (Doc. 71.)

Recently, due to Forrest's allegations of insufficient discovery responses, and an inability to respond to Defendants' summary judgment motions due to the lack of proper discovery, the court dismissed the Defendants' motions for summary judgment without prejudice.  The court granted Forrest leave to file a properly supported motion to compel as to any outstanding discovery disputes prior to setting a new dispositive motion deadline.  Additionally, the court granted Forrest leave to file a supplemental complaint limited to his retaliatory transfer claim against the current Defendants in this case.  (Doc. 248.)

## DISCUSSION

Forrest seeks the appointment of *pro bono* counsel to obtain the appropriate medical information to respond to Defendants' summary judgment motions as well as for use in any trial in this matter.  In support of his request, he recounts difficulty in obtaining:  1) discovery from Defendants; 2) his medical records from past treating professionals and institutions; and 3) a medical expert to assess and respond to Defendants' claim of adequate treatment for his Hepatitis C, epilepsy, and neuropathy.  Additionally, he seeks evidence of the supposed "court-ordered mandate" concerning his medical care.  Finally, he notes that his RHU placement hampers his ability to conduct legal and medical research and to obtain and review

discovery information. (*See* Docs. 90, 96, 112, 186, and 189). The court last considered the issue of appointment of counsel shortly after Defendants filed Answers to the Amended Complaint. (Doc. 73.)

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019). The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that the plaintiff's case has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the court finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the plaintiff's ability to retain counsel on his or her own behalf;
(5) the extent to which a case is likely to turn on credibility determinations, and;
(6) whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155-57.  This list of factors is non-exhaustive, and no single factor is determinative.  *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)).  Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases."  (*Id*.)

First, the court finds arguable legal merit to Forrest's medical claims relating to his allegations of prolonged denial of Hepatitis C treatment; denial of epilepsy medication in the face of ongoing seizures; and denial of treatment for his painful peripheral neuropathy due to damage to his lumbar spine.  Finding such, the court moves forward to evaluate the remaining *Tabron* factors.  An analysis of these factors satisfies the court that appointment of counsel at this time is warranted.

The first *Tabron* factor, Forrest's ability to present his own case, is "perhaps the most significant[.]"  *Montgomery,* 294 F.3d at 501.  In evaluating this first factor, courts should consider "the plaintiff's education, literacy, prior work experience, and prior litigation experience … plaintiff's ability to understand English … or, if the plaintiff is a prisoner, the restraints placed upon him or her by confinement."  *Tabron*, 6 F.3d at 156.  While Forrest has demonstrated an ability to represent himself on paper when given enough time and research opportunities to do so, he does not appear to have the ability to properly move this case closer

toward resolution. The legal issues involve medical questions with respect to when an inmate is a candidate for Hepatitis C treatment and when Forrest first qualified for treatment, and the rationale (and potential harm) used by medical professionals when making the decision not to treat him prior to his transfer from SCI-Mahanoy. These issues are complicated by Forrest's other medical issues and medications. Based on prior rulings, this case does not involve issues related to the adequacy of Forrest's Hepatitis C treatment, his disagreement with that treatment or its efficaciousness. Nonetheless, the medical issues before the court appear to be beyond Forrest's ability to present at summary judgment and/or trial.

Furthermore, while extensive additional discovery may not be necessary in this matter at this point, it is likely that Forrest will need an expert to opine as to the extent of his various medical conditions and treatment outcomes during his incarceration at SCI-Mahanoy. Whether such an opinion can be obtained is beyond the scope of this analysis, but the court considers it necessary for Forrest to have the ability to explore this possibility in order to adequately support his case at summary judgment, and any possible trial. In this respect, the assistance of counsel is necessary.

As this case is likely to involve credibility determinations with respect to medical treatment decisions, the court is persuaded that Forrest cannot handle this aspect of the case. Counsel is necessary for the cross examination of witnesses,

some of whom are medical professionals. Thus, this factor too weighs in favor of appointing Forrest counsel.

The final *Tabron* factor for consideration is Forrest's ability to afford counsel. It is clear from the record that he cannot. Moreover, based on Forrest's motions and exhibits attached thereto, it is clear that he has sought to obtain counsel in the past by seeking assistance from several individuals and organizations. His efforts, however, were unsuccessful.

Given the nature of the claims, and the above-cited reasons, the *Tabron* factors favor the conditional appointment of counsel in this case. Forrest is advised that if the Court is unable to appoint counsel in this matter, he will be required to proceed without counsel.

## CONCLUSION

The court finds that the procedural posture of this case supports the conditional appointment of counsel for Forrest.

s/ Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: May 22, 2020