IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL FORREST, | : Civil No. 3: 17-CV-1777 |
| Plaintiff, | : |
| v. | : |
| JOHN WETZEL, *et al.*, | : |
| Defendants. | : Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court are three motions to compel and sanctions filed by Plaintiff alleging certain discovery abuses by Defendants. *See* Docs. 254, 261, and 318. Noting the overlapping issues raised in the motions, Defendant have only responded to the first-filed motion. The motions are now ripe for disposition. For the reasons that follow, they will be denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In September 2017, while housed at the Mahanoy State Correctional Institution ("SCI-Mahanoy"), Michael Forrest filed his initial complaint in this matter. (Doc. 1.) He filed an amended complaint, the operative pleading, in November 2017. (Doc. 9) The named Defendants fall into two groups; those employed by the Pennsylvania Department of Corrections ("DOC") and those employed by Correct Care Solutions ("CCS"), the corporation contracted by the DOC to provide medical care to state inmates at all times relevant to this action.

The DOC Defendants are Secretary John Wetzel, Christopher Oppman,[1] Superintendent Theresa DelBalso,[2] B. Mason, and Richard Roller.[3]  The CCS Defendants are CCS, Carl J. Keldie, M.D. and Dr. Shasta Khanum.[4]

Forrest alleges that he is a paraplegic inmate who suffers from herniated lumbar discs, Hepatitis C, epilepsy, and neuropathic pain.  He arrived at SCI-Mahanoy on September 15, 2005, and was placed in the Restricted Housing Unit ("RHU") under disciplinary custody status.  On February 3, 2017, his custody status was adjusted to administrative custody, but he remained in the RHU until September 20, 2018, when he was transferred to SCI-Coal Township.  Forrest alleges his extended RHU confinement was in retaliation for his past successful legal actions against the DOC.  He claims his RHU conditions of confinement violated the Eighth Amendment as he was denied medical care for his chronic medical conditions while at SCI-Mahanoy.

In May 2020, the court conditionally granted Forrest's request for appointment of counsel.  (Doc. 250.)  To date, the court has been unsuccessful in obtaining *pro bono* counsel to represent Forrest.  On May 21, 2020, the court

---

[1] DOC Defense counsel has noted that Oppman is referred to as "Cappman" in the amended complaint.  (Doc. 40.)
[2] DOC Defense counsel has noted that DelBalso is referred to as "Delbalso" in the amended complaint. (Doc. 40.)
[3] DOC Defense counsel has noted that Roller was referred to as "Holle" in the amended complaint.  (Doc. 40.)
[4] In CSS's answer to the complaint, CSS Defendants identified "Dr. K" as Dr. Shasta Khanum.  (Doc. 67.)

granted Forrest limited leave to file a supplemental complaint setting forth his claim that the existing Defendants transferred him from SCI-Mahanoy to SCI-Coal Township in retaliation for his filing of this action.  In June 2020, Forrest filed a supplemental complaint that did not comply with the court's instructions.  *See* Doc. 258.  The court recently struck that pleading from the record.  Also, in May 2020, the court deemed 9 of Forrest's motions to compel discovery withdrawn due to his failure to comply with Local Rules 5.4 and 7.5.  *See* Doc. 247.  The court granted Forrest leave to file a consolidated motion to compel reciting all unresolved discovery issues.  (Doc. 248.)

## STANDARDS OF REVIEW

### A. Motion to Compel

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's

reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

### B. Motion for Sanctions for Failure to Admit

Rule 36(a)(1) provides that a party may serve on any other party a request to admit to the truth of any discoverable fact. When answering a request for admission the party must admit the proposition, specifically deny it, state in detail why the party can neither admit nor deny it, or object to the request. Fed. R. Civ. P. 36(a)(3), (4). Where "issues in dispute are requested to be admitted, a denial is a perfectly reasonable response." *United Coal Companies v. Powell Const. Co.*, 839 F.2d 958, 967 (3d Cir. 1988). When the requesting party challenges the sufficiency of an answer or objection, and the court determines the objection justified, the court may deem the request admitted or direct an amended answer be served. Fed. R. Civ. P. 36(a)(6). Additionally, once a responding party answers or objects to a request for admissions, Rule 37(c) allows the propounding party to seek a judicial determination as to the sufficiency of the answer and the propriety of any objection. When addressing such a motion where "the requesting party later proves a document to be genuine or the matter true," the court must grant reasonable expenses to the moving party "unless: (A) the request was held objectionable under Rule 36(a); (B) the admission sought was of no substantial importance; (C) the party failing to admit had a reasonable ground to believe that it

might prevail on the matter; or (D) there was other good reason for the failure to admit." Fed. R. Civ. P. 37(c)(2).  As to the third exception, "the true test under Rule 37(c) is not whether a party prevailed at trial but whether he acted reasonably in believing that he might prevail."  Fed. R. Civ. P. 37 advisory committee's notes; *see also Leonard v. Stemtech Int'l*, 834 F.3d 376, 402 (3d Cir. 2016) (quoting *Yoder & Frey Auctioneers, Inc. EquipmentFacts, LLC*, 774 F.3d 1065, 1074–75 (6th Cir. 2014) (Rule 37(c)(2) motion granted where withholding party "did not have reasonable grounds to believe it might prevail").

## DISCUSSION

The court will address each of Forrest's challenges to the various Defendants' discovery responses as set forth in Doc. 254 as these challenges are representative of the discovery issues presented in Forrest's other motions to compel.  *Compare* Docs. 254, 261 and 318.

### A.   Challenges to Interrogatory Responses

Forrest alleges Dr. Keldie perjured himself when responding to Interrogatory No. 1.  (Doc. 255, pp. 6–7.)  Interrogatory No. 1 asks whether Dr. Keldie "[d]uring [his] tenure as a medical health care provider of treatment for prisoners within the DOC …" (Doc. 319-1, p. 1.)  Dr. Keldie responded that he "is not a medical health care provider of treatment for prisoners within the PADOC, but is the Chief Clinical Officer ("CCO") for Wellpath, LLC, and works at its corporate

headquarters in Nashville, Tennessee" and that he "had no involvement in Plaintiff's care and treatment and has no knowledge regarding it." (*Id.*) Forrest states this information is conflict with Dr. Keldie's answer and affirmative defenses to the original complaint. (*See* Doc. 255, p. 7.) Dr. Keldie stated he was the CCO of Wellpath/Correct Care Solutions and that CCS has been under contract with the DOC since September 1, 2014 "to provide medical treatment to inmates at the DOCS's state correctional institutions," including SCI-Mahanoy. (Doc. 67, p. 3.) The court perceives no inconsistency in Dr. Keldie's interrogatory response. As the CCO of CCS, now Wellpath, LLC, Dr. Keldie does not personally provide medical care to DOC inmates. As Forrest provides no further basis for his claim of this Defendant's perjured testimony, his motion to compel and request for sanctions as to Dr. Keldie will be denied.

As for the other CCS Defendant, Dr. Khanum, Forrest mentions that she "refuses to disclose" responses to her sixth set of interrogatories but offers no further explanation or clarification of the discovery issue. (Doc. 255, pp. 8-9.) While Forrest has presented a copy of his discovery request served on Dr. Khanum, Doc. 319–2, pp. 15–18, he has not provided the court with a copy of her responses. The court cannot define or evaluate Forrest's charge of Dr. Khanum's failure to cooperate with his discovery request due to the lack of necessary

information. Accordingly, his motion for sanctions as to Dr. Khanum will be denied.

Next, Forrest contends B. Mason did not answer Interrogatory No. 2 honestly when she denied answering misconduct appeals where he can prove she acknowledged the receipt of his misconduct appeal. (Doc. 128, p. 5; Doc. 255, p. 7.) Forrest's request for discovery sanctions against Mason will be denied as Defendants accurately point out that Mason in her role as Deputy Superintendent is not responsible for addressing misconduct appeals but is responsible for advising inmates of the improper submission of a misconduct appeal.

### B.     Allegations of Failure to Respond to Discovery Requests

Forrest also complains that DOC Defendants Oppman, Silva, WCCS and Holle "did not answer Interrogatories at all" and failed to disclose "video tapes of incidents of torture, harassment, retaliatory solitary confinement, and denial of medical care and treatment." (Doc. 255, p. 8.) DOC Defendants have indicated that Oppman responded to all interrogatory requests served by Forrest. (Doc. 266, p. 6; *see also* Doc. 208-3.) Therefore, as Defendants Oppman's interrogatory responses are before the court, and Forrest does not dispute his receipt of Oppman's responses, the motion to compel will be denied as to this defendant.

Silva on the other hand, is not a party to this action. The plan language of Fed. R. Civ. P. 33 limits a party's ability to serve interrogatories only upon other

parties.  *See* Fed. R. Civ. P. 33.  Discovery of non-parties like Silva must be conducted by subpoena pursuant to Fed. R. Civ. P. 45.  As such, Forrest's motion to compel is denied with respect to Silva.

On October 22, 2019, Richard Roller, responded to Forrest's interrogatories addressed to Defendant Richard D. Holle, former or current Program Review Committee member and  Unit Manager at SCI-Mahanoy.  (Docs. 150, 208-4.)  Forrest states "Roller is not even named as a defendant nor does plaintiff know who Roller is."  (Doc. 255, p. 8.)  Forrest concludes that the responses to Defendant Holle's interrogatories are "falsified."  (*Id*.)  In his amended complaint, Forrest identifies "Richard D. Holle" as a "Corrections Facility Maintenance Unit Manager I," he adds that this Defendant "is responsible for the Unit Management, Maintenance and Safe Adjustment of Prisoners on HA Pod."  (Doc. 9, ¶ 7.)  On January 17, 2019, the court's summons as to Richard D. Holle was returned unexecuted.  (Doc. 34.)  On January 23, 2019, when DOC Defense counsel entered an appearance on behalf of Richard Roller.  (Doc. 40.)  DOC counsel explains that Richard Roller was previously employed as a Correctional Facility Maintenance Manager at SCI-Mahanoy.  (Doc. 266, p. 7.)  Forrest has been aware of this substitution since January 2019.  He never attempted to provide a more accurate name or address for Richard D. Holle.  If Forrest objects to Richard Roller's participation in this matter, he can simply dismiss all claims against this individual

pursuant to Fed. R. Civ. P. 41.  Alternatively, he can accept the DOC counsel's good faith substitution of Richard Roller as Richard D. Holle and accept Roller's responses to his interrogatories on that basis.  Regardless, his motion to compel or motion for sanctions against Roller will be denied.

    **C.**    **Challenges to Document Production Requests**

The DOC and CCS Defendants deny Forrest's assertion that they have not properly complied with any discovery request properly served upon them.  (Docs. 266, 268.)  Both groups of Defendants note that Forrest has never sent them a request for production of documents pursuant to Fed. R. Civ. P. 34.  (Doc. 266, p. 8, Doc. 268, pp. 3–4.)  Forrest does not dispute these statements.  Even so, CCS Defendants point out they have already produced over 458 pages of Forrest's DOC medical records in connection with their summary judgment motion, Doc. 211-11, and they have agreed to produce the records they received as a result of their subpoena to the Albert Einstein Medical Center.  (Doc. 268, p. 4.)

As for Forrest's complaint that Defendants have not provided him a free copy of a deposition, he is not entitled to a free copy at either the court or Defendants' expense.  There "is no provision in the [in forma pauperis] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent

litigant." *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993).  Accordingly, Forrest's motion to compel or sanctions related to Defendants' failure to properly produce documents in discovery will be denied.

## CONCLUSION

Forrest's motions to compel and for sanctions against the DOC or CCS Defendants for their alleged failures to properly respond to Forrest's discovery requests, Docs. 254, 261 and 318, will be denied.

An appropriate order will issue.

Dated:  April 23, 2021

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania